Alla Kachan, Esq.
Law Offices of Alla Kachan
415 Brighton Beach Avenue, 2nd Fl.
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re                                                                                Case No. 11-49666-JF

    NATELA DZHAVAKHISHVILI,

                   Debtor.                                       Chapter 7
-----------------------------------------------------------------X
NATELA DZHAVAKHISHVILI,

                   Plaintiff,                                   Adversary Proceeding No.

  - against –

NEW YORK CITY DEPARTMENT OF HOUSING                **COMPLAINT**
PRESERVATION AND DEVELOPMENT,

                  Defendant.
-----------------------------------------------------------------X

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF JUDGMENT

Debtor Natela Dzhavakhishvili, by her undersigned counsel, alleges as follows:

1. This is an adversary proceeding by which the debtor seeks a determination that a judgment obtained by the New York City Department of Housing Preservation and Development should not be excepted from discharge under section 523 of the Bankruptcy Code.

### JURISDICTION AND VENUE

2. The Debtor filed this case under chapter 7 of the Bankruptcy Code on November 16, 2011. This Court thus has jurisdiction over this action under 28 U. S. C. § 1334. This proceeding is a core proceeding.

3. Venue is proper in this district pursuant to 28 U. S. C. § 1409(a).

## FACTUAL ALLEGATIONS

4. In her schedules, the debtor disclosed an interest in real property located at 310 Hillside Avenue, Staten Island, NY 10304. See Schedule D, ECF Doc. No. 1.

5. The debtor listed two (2) secured claims, one belonging to Bank of America, N.A., and another belonging to Countrywide Home Loans. See id.

6. In her Statement of Intention, the debtor disclosed her intention to surrender the above-referenced property. See Statement of Intention, ECF Doc. No. 1.

7. The debtor had also been aware of, and disclosed, the existence of an action by the New York City Department of Housing Preservation and Development (hereinafter, "HPD") bearing Index Number 79/11. See Schedule F and Statement of Financial Affairs No. 2, ECF Doc. No. 1.

8. During or after the case, no objection to the dischargeability of any debt was made by any party.

9. At no time was the debtor aware of any other debt owed to, or any action by or against, HPD.

10. The debtor obtained a discharge by Order dated February 22, 2012.

11. Subsequently, the debtor received correspondence in the mail from HPD indicating that a lien has been recorded on the above-referenced property in the amount of $25,560.00.

12. Prior to this correspondence, the debtor was unaware of any debt owed to, or action by or against, HPD other than the action previously listed.

13. The debtor respectfully requests that this Court enter an order declaring that the debt of $25,560.00 allegedly owed to HPD as discharged pursuant to 11 U. S. C. § 727.

## FIRST CLAIM FOR RELIEF

14. The debtor repeats and realleges the allegations contained in paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. Section 523(a)(7) of the Bankruptcy Code states that, "[a] discharge under 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt – (7) to the extend such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty [ . . . ]

16. With respect to the alleged judgment obtained by HPD, §27-2116 governs the enforcement of civil penalties imposed based on violations of the NYC Housing Code.

17. § 27-2116(d) of the NYC Housing Code provides that, "[w]hen the [HPD] obtains a determination in an action under this article against an owner, judgment may be entered against the premises [ . . . ]"

18. § 27-2116(d) of the NYC Housing Code operates to convert outstanding penalties assessed by HPD against a property owner into an in rem claim.

19. Since the plain language of the statute creates strictly in rem relief for HPD, it cannot attempt to enforce the claim against the debtor personally.

20. As a result, the debtor respectfully requests that this Court enter an order declaring the debt of $25,560.00 allegedly owed to HPD as discharged pursuant to 11 U. S. C. § 727.

WHEREFORE, the debtor respectfully requests that this Court enter an order declaring that the alleged debt owed to HPD is discharged, pursuant to 11 U. S. C. § 727, and for such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
      October ____, 2013

Alla Kachan, Esq.
Law Offices of Alla Kachan
415 Brighton Beach Avenue, 2nd Fl.
Brooklyn, NY 11235
Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Office of Alla Kachan
415 Brighton Beach Avenue, 2nd Floor
Brooklyn, New York 11235

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re                                                                             Chapter 7

        NATELA DZHAVAKHISHVILI,                          Case No. 1-11-49666-ESS

                 Debtor.                                              **ORDER**
-----------------------------------------------------------------X

## ORDER REOPENING THE DEBTOR'S CHAPTER 7 CASE

Comes now the debtor in the above-captioned case, by counsel, and this Court, being duly advised by the papers submitted and hearing held on October 15, 2013, now finds that the above-captioned Chapter 7 case reopened.

IT IS, THEREFORE, ORDERED that the debtor's Motion to Reopen the Debtor's Chapter 7 case, is granted and the above-captioned chapter 7 case is reopened.

IT IS SO ORDERED.

Dated: _____         _____
                                                                      Honorable Elizabeth S. Stong, U.S.B.J.