Alla Kachan, Esq.
Law Office of Alla Kachan
415 Brighton Beach Avenue, 2nd Floor
Brooklyn, New York 11235

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————X

In re                                                    Chapter 7

       NATELA DZHAVAKHISHVILI,              Case No. 1-11-49666-ESS

              Debtor.

————————————————————————X

## AFFIRMATION IN OPPOSITION TO CITY OF NEW YORK'S MOTION TO DISMISS COMPLAINT

The debtor, Natela Dzahavakhishvili, by her undersigned counsel, Alla Kachan of the Law Office of Alla Kachan, respectfully submits this Affirmation in Opposition to the Motion to Dismiss this Adversary Proceeding filed by the City of New York, and in support thereof, avers as follows:

1.      In the instant matter, the debtor had previously moved to reopen this case to obtain a determination of dischargeability, pursuant to Fed. R. Bankr. P. 4007, of housing violation determinations and judgments that were entered against certain real property the debtor owned.

2.      The real property that is the subject of this dispute is located at 310 Hillside Avenue, Staten Island, New York.

3.      Much like many other owners of property over the course of the last decade, the debtor struggled to make payments toward her mortgage. At some point, the debtor decided to walk away and abandon the property.

4.     At some point unknown to the debtor, squatters had entered the premises and lived therein.

5.     It was these squatters who made complaints concerning heat and hot water to the Department of Housing Preservation and Development (hereinafter, "HPD").

6.     The debtor, as listed on her SOFA No. 4, was aware of a judgment obtained by HPD bearing Index No. 79/11.

7.     The debtor had not been aware of any other action by HPD, including the actions bearing Index Nos. 112/09 or 100/10.

8.     It was not until the debtor received a Foreclosure Notice and Notice to Judgment Debtor at another address that she was made aware of the action bearing Index No. 112/09.

9.     The City of New York avers, without support, that a determination obtained by HPD is the same thing as a judgment, and that such claims are excepted from discharge, pursuant to § 523(a)(7) of the Bankruptcy Code.

## THE SUBJECT-DEBT IS NOT EXCEPTED FROM DISCHARGE UNDER §523(a)(7) AS IT IS NOT "FOR THE BENEFIT" OF HPD/CITY OF NEW YORK

10.     § 523(a)(7) of the Bankruptcy Code provides that a discharge entered in a bankruptcy case "does not discharge an individual debtor from any debt – (7) to the extent that such debt is for a fine, penalty, or forfeiture **payable to and for the benefit of a governmental unit**, and is not compensation for actual pecuniary loss . . ." (emphasis added)

11.     The Bankruptcy Code, at § 101(27), defines a "governmental unit" to mean:

"United States; State Commonwealth; District; Territory; municipality; foreign state; department, agency or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government."

12.     The debtor does not dispute that HPD/City of New York is a governmental unit. The debtor does dispute that any fines, penalties or other monies collected under §27-2116 of the NYC Admin. Code is not payable *for the benefit* of HPD or City of New York.

13.     § 27-2111 of the NYC Admin. Code identifies what happens to monies collected by the HPD under enforcement of the Housing Code, and states,

> All penalties and all other moneys recovered for costs, expenses and disbursements that are reimbursable under this code for the repair or rehabilitation of a dwelling shall be paid into a separate fun in the treasury of the city.  Such fund shall be available to the department for the purpose of meeting the costs, expenses and disbursements for the repair or rehabilitation of dwellings pursuant to the provisions of this code.

14.     Thus, pursuant to the above-statute, monies collected by HPD enforcement of housing code actions are not for the benefit of HPD or the City of New York, but rather payable to a fund for the repair and improvement of buildings in want of identified repairs.

15.     § 27-2110, on the other hand, clearly identifies that any monies collected for the benefit of HPD/City of New York are to be separately earmarked. This statute states,

> [a]ll moneys recovered under this section shall be paid to the city officer who brings such actions and proceedings.  Such officer shall pay the moneys to the commissioner of finance each month.  The officer, on the first of each month, shall report to the commission of the department on the amount collected under this section, if any, and the necessary disbursements incurred in the prosecution of such actions and proceedings, if any.

16.     The statute, thus, makes clear that monies collected under this section of the NYC Admin. Code are to be allocated to either a special fund for repair and improvement of buildings identified in the HPD actions, or to reimburse HPD for costs, expenses and disbursements incurred in such enforcement actions.  Monies allocated to the fund are not for the benefit of the HPD/City of New York, while monies earmarked for reimbursement to HPD may be.

17.     The analysis from *In re Kish*, 238 B. R. 271 (Bankr. D. N.J., 1999) is guiding.

18.     In *Kish*, the court was asked to identify whether surcharges collected by a governmental unit that were deposited into a special fund purposed to pay out claims filed against the governmental unit were for the benefit of that governmental unit.

19.     The *Kish* court concluded that such monies are not for the benefit of the governmental unit.

20.     The court reasoned that although the purpose of the specially purposed funds were to pay and satisfy claims of citizens of New Jersey, ". . . the citizens of New Jersey as a whole are not a governmental unit." *Id* at 286.

21.     "Interpreting "benefit" to include some generalized positive public effect would distort the meaning of section 523(a)(7) to bring within its coverage any and all monetary obligations which may in some way inure to the general welfare of the state's citizens." *Id*.

22.     The instant matter is on all fours with the facts of *Kish*. HPD/City of New York brings enforcement actions to compel property owners to make repairs to buildings that violate the Housing Code.

23.     Upon failure of a property owner to rectify identified violations, HPD may obtain a determination against the property owner for penalties sounding in non-compliance, as identified in § 27-2115 of the NYC Admin. Code.

24.     If HPD obtains a determination that remains unsatisfied, judgment may be entered against the subject-premises, as per § 27-2116(d) of the NYC Admin. Code.

25.     Any monies collected are then deposited into a special fund for the repair and rehabilitation for identified buildings. HPD/City of New York is to separately identify its costs, expenses and disbursements incurred in the enforcement action.

26.     The monies deposited into the special fund inure to the benefit of the New York City public as a whole, but not specifically to the HPD/City of New York.

27.     As in *In re Kish*, HPD/City of New York cannot claim that a generalized benefit to the citizens of New York City means that monies collected are for its particular benefit.

28.     Therefore, since monies collected in the enforcement of HPD actions are not for the benefit of the HPD/City of New York, the subject-debt herein should not be excepted from discharge, pursuant to § 523(a)(7) of the Bankruptcy Code.

## THE SUBJECT-DEBT IS NOT EXCEPTED FROM DISCHARGE UNDER §523(a)(7) BECAUSE THE GOVERNING STATUTES CREATE A STRICTLY IN REM REMEDY

29.     The debtor argues that while a *determination* made by a housing court may impose *penalties* against a property owner, a *judgment* entered, pursuant to Housing Maintenance Code enforcement actions, converts such claim into a strictly *in rem* claim.

30.     The plain language of the enforcement statute for HPD makes this patently clear, as it differentiates between a determination and a judgment.

31.     "The Housing Maintenance Code, in a series of sections added when the Housing Court was created in 1972 (see L. 1972, ch. 982 amended L. 1974, ch. 865), created a structure for code enforcement by the issuance of violations and the imposition of 'civil penalties'." *Amsterdam v. Goldstick*, 519 N.Y.S.2d 334, 335 (Civ. Ct., New York County, Sept. 3, 1987).

32.     "Upon the owner's failure to remove the 'conditions' or violations the court shall 'assess penalties as provided in subdivision (a) of this section.'" *Id* at 336 (citing NYCCR § 27-2115[i]).

33.     "Administrative Code 27-2115(a) imposes substantial per diem penalties. These are enforced primarily by DHPD actions to recover the penalty (Admin. Code 27-2116[a]); the

resulting judgments become liens on the property. (Admin. Code 27-2116[d]); (citation omitted)" *Id.*

34. "Since the origin of the Housing Court, civil penalty cases, whether initiated by DHPD or by tenants, are usually resolved by negotiation providing for a *penalty sufficient to deter the owner and penalize past non-performance while insuring that the penalty does not become confiscatory.*" *Id* (emphasis added).

35. As the City of New York points out, the enforcement mechanism to collect penalties or enforce judgments is in Section 27-2116(d) of the Admin. Code, which states,

> When the department obtains a determination in an action under this article against an owner, judgment may be entered against the premises which shall constitute a lien when a transcript of such judgment is filed in the office of the county clerk in the manner prescribed for the filing of judgment and may be enforced against the premises, and, if such judgment remains unsatisfied for ninety days, as a levy upon the rents, pursuant to section 27-2148 of article eight of this subchapter.

36. Contrary to the City of New York's contention, the language of the statute clearly **limits** HPD in enforcement of judgments obtained against the premises only. If such lien remains unsatisfied for ninety (90) days, HPD can seek appointment of a receiver to marshal any rents.

37. As the language of the statute indicate, as well as the language of the *Amsterdam* court, there is a clear distinction between the purposes of a <u>determination and penalties</u> versus a <u>judgment</u>. A determination that an owner has violated the housing code and the imposition of penalties are designed to "deter the owner and penalize past non-performance while ensuring that the penalty does not become confiscatory."

38. The enforcement provisions of the Housing Code provide for *in personam* penalties to spur an owner to make necessary repairs, while a judgment is an *in rem* remedy,

which does not becomes "confiscatory" to an owner, but prevents the owner from selling or otherwise transferring the property without resolving the violations.

WHEREFORE, for the reasons stated herein, the debtor respectfully requests that the Court deny HPD/City of New York's motion to dismiss the underlying complaint in its entirety, and for such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
      January 29, 2014

Alla Kachan
Law Office of Alla Kachan
415 Brighton Beach Avenue, 2nd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145